UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
__PENSACOLA__ DIVISION

__Janet S. Walsh (850) 434-6100__
(enter your full name and prisoner number)

Plaintiff,

vs.

Case No. __3:10mc55-MCR-EMT__

To be assigned —

__AT&T and SPRINT Legal Dept.__
(enter full name(s) of all defendants)

Defendant(s).

__See Attached paper__

### TITLE OF YOUR PLEADING

The body of your pleading should state the nature of your request and what you want the Court to do for you.

— See Attached Sheet
I need a miscellaneous case # so I can get a subpoena so I can have access to my own incoming/outgoing home & cell phone records.

__JSWalsh__
(signature and prisoner number)
Janet S. Walsh
1710 East DeSoto St.
(Mailing address)

Pensacola, FL 32501
(city, state and zip code)

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing (insert name of document here) has been furnished by regular U.S. Mail to counsel for the defendant, (insert name of defendant's attorney here) at (insert address of defendant's attorney here), on this date, (date you mailed the copy to the defendant's attorney).

__JSWalsh__
(your signature)

06/29/10

To The U.S. Courts:

    I have been told by both Legal Departments of my home and cell phone the I must provide them a faxed subpoena in order to get copies of my own incoming and outgoing phone records. This is SPRINT and AT & T . I want these records for an EEOC charge that I have placed. This is in "charge" status (not court) and I want this for my mediation stage this month.

    Your court has informed me that I can file a miscellaneous case in order to have a "case "number , in order to get a subpoena. They advised me to get all the information regarding these companies for point of contact with their Legal Departments.

The P.O.C. Info:

| AT & T Legal Dept. | SPRINT Legal Dept. |
|---|---|
| c/o CT Corp | 6480 Sprint Pkwy |
| 1200 So. Pine Is. Rd. | Overland Park, KS |
| Plantation , FL 33324 | 66251 |
| Ph. 954-473-5503 | Ph- 800-877-7330 ext. 3 |
| Fax 248-395-4398 | Fax 816-600-3111 |
| (my home 850-434-6100) | (my cell 850-525-2915) |

Both phone companies stated this is due to FCC rules and is a formality.

Your assistance in this matter is appreciated.

Sincerely,

Janet Walsh
1710 East DeSoto St.
Pensacola, FL 32501

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

Janet S. Walsh )
Plaintiff )
v. ) Civil Action No. 3:10 MC 55-MCR-EMT
SPRINT ) (If the action is pending in another district, state where:
Defendant ) _____ District of _____ )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Incoming/Outgoing Phone Records Ph # (850) 525-2912

| Place: MAIL TO: JANET S. WALSH 1710 EAST DeSOTO ST. PENSACOLA, FL 32501 | Date and Time: ASAP |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: N/A | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 7/6/10

CLERK OF COURT

_____  OR  _____
Signature of Clerk or Deputy Clerk        Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

Case 3:10-mc-00055-MCR-EMT   Document 1   Filed 07/06/10   Page 4 of 8

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

Janet S. Walsh )
_Plaintiff_ )
v. ) Civil Action No. 3:10mc55-MCR-EMT
AT&T )
_Defendant_ ) (If the action is pending in another district, state where:
) _____ District of _____ )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

☒ _Production:_ YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Incoming/Outgoing Phone Records Ph. # (850)434-6100

| Place: MAIL TO: Janet S. Walsh 1716 EAST DeSoto ST. PENSACOLA, FL 32501 | Date and Time: ASAP |
|---|---|

☐ _Inspection of Premises:_ YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: N/A | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 7/6/10

CLERK OF COURT

_[signature]_ OR _____
Signature of Clerk or Deputy Clerk       Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _____, who issues or requests this subpoena, are:

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

```
Court Name: District Court
Division: 3
Receipt Number: FLN300004258
Cashier ID: jdavis
Transaction Date: 07/06/2010
Payer Name: JANET S WALSH
--------------------------------
MISCELLANEOUS PAPERS
 For: JANET S WALSH
 Amount:         $39.00
--------------------------------
CHECK
 Check/Money Order Num: 2138
 Amt Tendered:   $39.00
--------------------------------
Total Due:       $39.00
Total Tendered:  $39.00
Change Amt:       $0.00

MISC FILING FEE - $39.00

Note: Returned check fee is $45
```